IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR CARRASQUILLO,

        Plaintiff,               No. CIV S-06-0851 JAM GGH P

    vs.

MONTE PENNER, et al.,

        Defendants.      <u>ORDER</u>

_____/

<u>Introduction</u>

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §
1983.  Pending before the court are: 1) plaintiff's motion to compel responses to his first set of
production of documents, filed on October 16, 2007, to which neither defendant filed an
opposition; 2) defendant Marquard's motion for summary judgment, filed on January 3, 2008, to
which plaintiff filed no opposition; 3) plaintiff's February 11, 2008, unopposed motion for an
extension of time to file a response to defendant Marquard's dispositive motion until after
plaintiff's motion to compel is adjudicated, which the court construes as a motion for a
continuance, pursuant to Fed. R. Civ. P. 56(f); 4) defendant Penner's motion for summary

\\\\\

\\\\\

1   judgment, filed on April 10, 2008,[1] to which no opposition was filed.

2       Because, after reviewing the unopposed motion to compel, the court finds that

3   defendants have been deficient in their responses to some of plaintiff's requests for production of

4   documents, the separate motions for summary judgment will be vacated without prejudice

5   subject to being re-noticed as set forth below.

6   Amended Complaint

7       This matter proceeds on the amended complaint (AC), filed on October 20, 2008.[2]

8   Named as defendants are Dr. Monte Penner and Registered Nurse (RN) R. Marquard.  Plaintiff

9   claims that these defendants violated his Eighth and Fourteenth Amendment rights by delaying

10  treatment of his medical needs, thereby subjecting him to cruel and unusual punishment.  AC, 1-

11  4.

12      On February 26, 2005, plaintiff injured his wrist at California State Prison-

13  Sacramento, New Folsom (CSP-Sac) in a football game.  Plaintiff was diagnosed as having a

14  broken wrist and given an unspecified injection and a wrist protector by non-defendant RN

15  Olsen.  On Feb. 28, 2005, non-defendant x-ray technician R. Demarco x-rayed the wrist and

16  confirmed that plaintiff's wrist was broken, after which plaintiff was transported to Doctors'

17  Hospital in Manteca where RN Rose, not a defendant, applied a temporary half-splint, telling

18  plaintiff he should return within three to five days to be seen by an orthopedic specialist.  Id. at 4.

19      Plaintiff was provided exit care instructions at Doctors' Hospital on Feb. 28,

20  2005, and CSP-Sac medical staff received instructions from the hospital on March 1, 2005,

21  stating: "Ice elevate call for ortho clinic this week to make an appointment."  Plaintiff was seen

22  by defendant Penner on March 1, 2005, and on March 7, 2005.   Plaintiff explained to defendant

23  Penner and an unmamed medical technical assistant (MTA), three days after the removable splint

24  ────────────────

25      [1] Defendant Penner was granted an extension of time to file a summary judgment motion, by Order filed on February 14, 2008.

26      [2] By Order, filed on October 5, 2006, the claims against a number of defendants were dismissed with leaved to amend from the original complaint, which was filed on April 20, 2006.

1 | had been placed on him, that the fiber glass half-splint was beginning to bend back against his

2 | wrist and that he was afraid this would cause his wrist bone to mend at an awkward angle.

3 | Plaintiff also explained that the half-splint's flexibility was a problem when he was asleep or

4 | made an unconscious movement.  Plaintiff suffered extreme pain and sleep deprivation nightly

5 | when he repositioned himself in bed.  Id. at 4-5.

6 | On plaintiff's visit on March 7, 2005, with defendant Penner, Dr. Penner called

7 | Doctors' Hospital and noted that a clerk named Jessica would call RN Rose at the CSP-Sac

8 | consult desk to arrange for plaintiff to be seen at the ortho clinic in two days.  Defendant R.

9 | Marquard began the process for the appointment that was to occur on March 9, 2005, but did not

10 | complete the process.  Id. at 5.

11 | On plaintiff's March 30, 2005, follow-up visit with non-defendant Williams, it

12 | was found that plaintiff had a "mal-union of the right distal radius with displacement," and

13 | referred plaintiff to U.C. Davis (UCD).  On May 5, 2005, at UCD, non-defendant Dr. Allen

14 | recommended corrective surgery, originally scheduled for July 22, 2005, but which was later re-

15 | scheduled by UCD.  The surgery eventually occurred on August 29, 2005.  Another follow-up

16 | appointment was scheduled within the next month.  Id.

17 | Plaintiff seeks money damages, including punitive damages, for the defendants'

18 | alleged failure to provide adequate medical treatment and/or for the delay in treatment, resulting

19 | in the unnecessary, wanton infliction of pain.  Plaintiff claims the defendants were deliberately

20 | indifferent to his serious medical needs.  Id. at 6-7.

21 | Motion to Compel

22 | Plaintiff seeks documents in response to his thirteen requests for production

23 | directed to defendants.  Defendants have posited only objections to each request, providing no

24 | production whatever.  Motion to Compel (MTC), 1-5 & Exhibit (Exh.) A.  Defendants, as noted,

25 | filed no response to the motion.

26 | \\\\\

1    Any party has the right to discovery of "any matter, not privileged, that is relevant

2    to the claim or defense of any party...." ; thus, the scope of discovery under Fed. R. Civ. P.

3    26(b)(1) is broad.  Discovery may be sought of relevant information not admissible at trial "if the

4    discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

5    The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or

6    can be obtained from another source "that is more convenient, less burdensome, or less

7    expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to

8    obtain the information sought"; or if the proposed discovery is overly burdensome.  Fed. R.Civ.P.

9    26(b)(2)(i)(ii) and (iii).

10    As to request no. 1, wherein plaintiff seeks copies of all California Department of

11    Corrections and Rehabilitation (CDCR) Title 15 Sections "regarding medical health services that

12    are determined by the physician to be reasonable and necessary to protect life, prevent significant

13    illness or disability, or alleviate severe pain," to which request defendants posited objections as

14    overbroad and on the basis that Title 15 of the California Code of Regulations is available to

15    plaintiff in the prison law library (MTC, Exh. A., p. 9), the court agrees that plaintiff should have

16    access other than through defendants to those regulations and will deny the motion as to that

17    request.

18    In request no. 2, plaintiff seeks documents other than those sought in the previous

19    request which reference or contain "the current and previous guidelines relevant" to CDCR

20    "medical health services."  Id.  Although the objection is somewhat grammatically garbled, the

21    court agrees with defendants' assertion that the request is overbroad and will not require

22    production in response to such a wide-ranging request.

23    In request no. 3, plaintiff seeks:

24       Copies of any and all internal documents, notes, records,
         recordings medical x-rays [sic] sheets, including any and all true
25       names and identities of those medical employees who seen [sic],
         examine [sic] and or made appointments but not limited to follow-
26       ups relevant to plaintiff[']s complaint.

1        <u>Response</u>: Objection.  The documents referred to are in plaintiff's
medical file, which plaintiff has access to at his institution.

2

3  MTC at 10.

4        The court finds this response to be inadequate.  The undersigned is aware of no

5  rule or authority which provides for plaintiff's access to his medical records equivalent to that of

6  the defendants, nor do defendants cite any.  The motion as to this request will be granted.  In

7  granting this request, the court also grants request nos. 10, 11 and 13, to the extent that, in

8  response to each, defendants refer plaintiff to his medical records which they assert are equally

9  available to him.  Defendants, within thirty days, will be required either to provide the medical

10  records plaintiff seeks or confirm to the court that plaintiff has been granted access to his medical

11  records.

12        In request no. 4, plaintiff requests copies of any and all civil complaints filed

13  against the defendants, seeking all relevant "case numbers, case citations, settlements, court

14  rulings and or jury verdicts against defendants...not limited to the medical services complaints of

15  CSP-Sacramento prisoners...."

16        Defendants posit the following response: "Objection.  This request is irrelevant

17  and not reasonably calculated to lead to discovery of admissible evidence."   MTC at 10.  While

18  settlements would certainly not be relevant and the term "court rulings" is too amorphous to

19  credit, the relevance of any jury verdict in any case of medical malpractice brought against either

20  defendant is at least arguable in the context of plaintiff's claims, and defendants have failed to

21  file a comprehensive objection or any opposition to the motion.  Therefore, if any complaints

22  concerning medical care provided by defendants have been brought to a jury verdict, defendants

23  must produce those documents to plaintiff within thirty days.

24        In request no. 5, plaintiff seeks:

25        Copies of any and all documented doctor orders, recommendations,
records, files[,] notes, but not limited to recordings relevant to and

26  or [sic] would be useful to plaintiff['']s complaint against the
defendants.

1          Response: Objection.  This request is vague, ambiguous and unintelligible.
           Defendants cannot determine what plaintiff believes is useful to
2          plaintiff's complaint and therefore cannot respond to this request.

3    MTC at 10.

4          Defendants could also have asserted that the request is speculative.  The motion as

5    to this request will be denied.

6          In request no. 6, plaintiff seeks:

7          Copies of any and all guidelines giving the time frame to reset
           broken wrist bone, but not limited to hands, fingers, arms,
8          including the side effects, conditions received once time limit has
           expired calling for corrective surgery to be done.
9
           Response: Objection.  This request is overbroad.  All guidelines
10         which address the treatment of broken wrist bones, hands, fingers,
           arms, etc., are to [sic] voluminous to produce and require the
11         production of medical text books, periodicals and other such
           documents.  Defendants will therefore not respond to this request.
12

13   MTC at 11.

14         In addition, to its overbreadth, the request, essentially and inappropriately, asks

15   defendants to conduct research on his behalf.  The motion to compel as to this request will be

16   denied.

17         Request No. 7

18         Copies of any and all internal documents, notes, records,
           recordings but not limited to the protocol(s) showing violations in
19         giving or delaying medical treatment to plaintiff[']s broken wrist
           bone.
20
           Response:
21
           Objection.  This request is argumentative.  Defendants deny there
22         has been any violation in giving or delaying medical treatment to
           plaintiff's broken wrist bone, if there was such a broken wrist.
23         Defendants will therefore not respond to this request.

24   MTC at 11.

25         Although the request borders on the unintelligible, to the extent that defendants

26   appeared to have deciphered it, the objection is not sufficient.  Defendants may inform plaintiff

1  that there are no such documents in their custody, possession or control, and that they believe no

2  such documents exist, but may not simply refuse to respond on the basis that the request might be

3  argumentative.  The undersigned observes that it is likely that access to his own medical records

4  may satisfy this request.  In any event, the motion for a further response as to this request will be

5  granted.

6          As to request no. 8, wherein plaintiff references "the basis of federal receiver

7  taking over CSP-Sacramento medical services of all prisoners," is, as defendants assert,

8  irrelevant, as well as ambiguous to the point of unintelligibility.  Also unintelligible is plaintiff's

9  awkwardly framed request no. 9.   MTC at 11.  The motion will be denied as to these requests.

10          As to request no. 12, wherein plaintiff seeks copies of ducat sheets showing that

11  on Feb. 26, 2005, he was playing in an approved football tournament before his wrist was

12  broken, defendants indicate that they have no access to any such ducat sheets (MTC at 13), and

13  the court will not direct a further response.

14  Motion for Continuance

15          Plaintiff seeks an extension of time, or a continuance, for the filing of his

16  opposition to defendant Marquard's motion for summary judgment (and by extension, defendant

17  Penner's later filed dispositive motion).  The court construes plaintiff's motion as filed pursuant

18  to Fed. R. Civ. P. 56(f), on grounds that defendants have not provided adequate

19  responses/production to his requests for production of documents.

20          Rule 56(f) provides that if a party opposing a summary judgment motion shows

21  by affidavit that, for specified reasons, it cannot present facts essential to justify the opposition

22  the court may deny the motion or order a continuance.  As the court has granted plaintiff's

23  motion to compel in part, the undersigned finds that plaintiff has made an adequate showing to

24  warrant a continuance.

25  \\\\\

26  \\\\\

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's unopposed motion to compel further response/production as to his

3   first set of production of documents, filed on October 16, 2007 (# 19), is granted as to request

4   nos. 3, 4, 7, 10, 11, 13, to the extent set forth above, and denied as to request nos. 1, 2, 5, 6, 8, 9,

5   12.

6        2.  Plaintiff's February 11, 2008 (# 24), unopposed motion for an extension of

7   time to respond to defendant Marquard's summary judgment motion, construed as a motion for a

8   continuance pursuant to Fed. R. Civ. P. 56(f), is granted.

9        3.  Defendants are, within thirty (30) days, to file proof of having provided the

10  medical records plaintiff seeks or confirm to the court that plaintiff has otherwise been granted

11  access to his medical records.

12       4.  Defendant Marquard's motion for summary judgment, filed on January 3, 2008

13  (# 21), and defendant Penner's motion for summary judgment, filed on April 10, 2008 (# 26), are

14  hereby vacated without prejudice to being re-noticed once defendants have filed proof of having

15  served the further responses/production as directed herein.

16  DATED: 06/12/08

                                        /s/ Gregory G. Hollows
17
                                        _____
18                                      GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE
19  GGH:009
    carr0851.mtc+
20

21

22

23

24

25

26