IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR CARRASQUILLO,

    Plaintiff,                    No. CIV S-06-0851 JAM GGH P

    vs.

MONTE PENNER, et al.,

    Defendants.                FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By Order, filed on June 12, 2008, the court granted plaintiff's motion to compel further responses/production as to certain of his production requests, while denying the motion as to others, vacating the then-pending motions for summary judgment without prejudice to their being re-noticed once defendants filed proof of having served the responses/production as directed. By filings dated July 8, 2008, and July 11, 2008, counsel for defendants Marquard and Penner, respectively, indicated the defendants' compliance with the order. Thereafter, defendant Marquard's motion for summary judgment was re-noticed on July 21, 2008, and defendant Penner's motion for summary judgment was renoticed on July 22, 2008.

        Plaintiff has not, however, filed an opposition to defendants' motions. In the order directing service filed December 8, 2006, the court stated that "[i]f plaintiff does not serve

1

and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m).[1]  In addition, defendant Marquard's re-notice accurately summarizes the requirements to oppose a motion made pursuant to Fed. R. Civ. P. 56.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.  Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion.  Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motions for summary judgment.  In the alternative, the court finds that defendants' motions have merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Marquard's motion for summary judgment filed July 21, 2008 (docket #31) and defendant Penner's motion for summary judgment filed July 22, 2008 (docket #32) be granted, and this case shall be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

[1] Defendant Penner's notice and re-notice misidentified the applicable local rule as 28-230(m), rather than accurately referencing it as L.R. 78-230(m).

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 12, 2008

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:035
carr0851.46